UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TYRELL J. RAINEY, | ) No. CV 17-02474-GW (DFM) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| v. | ) |
| D. ASUNCION, | ) |
| Respondent. | ) |

On December 12, 2017, Tyrell J. Rainey ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction. See Dkt. 1 ("Petition"). For the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the instant petition should not dismissed with prejudice because it is time-barred.

///
///
///
///

**A.  State Court Proceedings**

According to the Superior Court of California, County of San Bernardino website, Petitioner's challenged conviction occurred in December 2012 in San Bernardino County Superior Court (No. FSB1103711-1). <u>See</u> Superior Court of California, County of San Bernardino, Court Case Information and Document Sales, http://www.sb-court.org/Divisions/Civil/CaseInformationOnline.aspx ("SBSC Case Information") (No. FSB1103711-1). The state appellate court affirmed his conviction in November 2014 (No. E058265). <u>See</u> California Courts, Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov ("Appellate Cts. Case Information"). The California Supreme Court denied review on February 11, 2015 (No. S223177). <u>See</u> <u>id.</u> Petitioner does not appear to have filed a petition for writ of certiorari with the United States Supreme Court. <u>See</u> Petition at 5.[1]

On May 15, 2017, Petitioner filed a state petition for writ of habeas corpus in the Superior Court for the County of San Bernardino. <u>See</u> SBSC Case Information (No. WHCJS1700164). The state trial court denied that petition on July 7, 2017. <u>See</u> <u>id.</u> On July 31, 2017, Petitioner filed a further state petition for writ of habeas corpus in the California Court of Appeal (No. E068802). <u>See</u> Appellate Cts. Case Information. The state appellate court denied that petition on August 11, 2017. <u>See</u> <u>id.</u> Petitioner then filed a state petition for writ of habeas corpus in the California Supreme Court on August 23, 2017. <u>See</u> <u>id.</u> (No. S243929). And California's high court denied that petition on November 1, 2017. <u>See</u> <u>id.</u>

///

---

[1] All citations to the Petition use the CM/ECF pagination.

**B.    Timeliness of the Petition**

    **1.    The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on February 11, 2015. See Appellate Cts. Case Information (No. S223177). Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. See Petition at 5. Thus, his conviction became final 90 days later, on May 12, 2015. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). If the Court assumes May 12, 2015, is the date Petitioner's limitation period began to run, Petitioner had one year from the date his judgment became final, or until May 12, 2016, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until December 12, 2017, over a year too late. The Petition is thus facially untimely.

    **2.    The Petition Does Not Entitle Petitioner to Any Later Trigger Date**

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C).

Finally, Petitioner has been long aware of the underlying factual predicate of his claim—that is, the content of the jury instructions read during his trial. See Petition at 5, 10; 28 U.S.C. § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). Petitioner is thus not entitled any later trigger date under 28 U.S.C. § 2244(d)(1).

**3.  The Petition Does Not Suggest Entitlement to Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding unexplained six-month delay unreasonable compared to "short periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (alteration omitted)).

As previously discussed, Petitioner's limitation period began running on February 11, 2015, when Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A). Thus, the AEDPA limitation period expired on May 12, 2016. Because Petitioner did not file his state petition for habeas corpus until May 15, 2017, over one year beyond his deadline under AEDPA, Petitioner cannot avail himself to gap tolling. The two-year gap between the California Supreme

4

Court's denial of his petition for review on direct appeal and his subsequent filing of a state petition for writ of habeas corpus in the state trial court substantially exceeds the 30 to 60 days the Supreme Court has identified as a "reasonable" gap for tolling. See Evans, 546 U.S. at 201 (refusing to apply tolling to an unexplained 6-month gap). Absent any explanation for the long delay, Petitioner is not entitled to gap tolling for that period or to any additional statutory tolling. See Stewart v. Cate, 757 F.3d 929, 935-37 (9th Cir. 2014) (as amended) (unexplained 100-day gap unreasonable); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

### 4. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has noted that its "sparing application of the doctrine of equitable tolling" is consistent with the Pace standard. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in

original). Consequently, equitable tolling is justified in few cases. <u>See</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. <u>See</u> <u>Pace</u>, 544 U.S. at 418; <u>Holt v. Frink</u>, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contended that he took any action before the AEDPA limitation period expired. Thus, Petitioner fails to demonstrate that he pursued his rights diligently.

**C.** <u>**Conclusion**</u>

A district court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that or other grounds under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///
///
///
///
///
///
///
///
///
///
///
///

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is time-barred. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." <u>Holland</u>, 560 U.S. at 649. He may submit any other evidence he deems appropriate to support his claim for tolling.

**Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated:  December 20, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge